UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

LEVI MEEISNER on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

    -against-

OXYGEN RECOVERY GROUP

                 Defendant.
_____

CV 12-3555
AMON, CH.J.
MANN, M.J.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 17 2012 ★
BROOKLYN OFFICE

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Levi Meeisner seeks redress for the illegal practices of Oxygen Recovery Group in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Airmont, New York.

-1-

6. Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

7. Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this instant action occurred, in substantial part, within this District.

### *Allegations Particular to Levi Meeisner*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine.

12. The callers failed to identify themselves as debt collectors attempting to collect a debt.

13. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

14. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

15. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector. This constitutes a deceptive practice.

16. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

17. On or about April 25, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

18. Defendant threatened serious adverse consequences in the said collection letter, specifically stating: "This matter is long past due and is duly demanded! Nonpayment of this matter will ensure further collection activity and your name will remain in our file and you may be reported to one or more of the national credit bureaus, which will negatively affect your credit."

19. The least sophisticated consumer could understand that the above letter is a threat of immediate credit reporting.

20. Upon information and belief, Defendant did not intend to report Plaintiff's account to all of the national credit bureaus.

21. The Defendant's said statement that it would report the account to all of the national credit bureaus was a tactic to scare Plaintiff and the least sophisticated consumer into paying the debt.

22. Defendant's threat of credit reporting created a false sense of urgency.

23. The Defendant's said statement also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

24. On or about May 30, 2012, Defendant sent the Plaintiff a second collection letter seeking to collect a balance allegedly incurred for personal purposes.

25. Said letter states in pertinent part: "The creditor has instructed us that unless we hear from you within the next 72 hours, we may proceed with legal action against you to settle this matter. Since time is of the essence, your response is imperative."

26. Said language involves a threat to take unintended legal action.

27. Defendant violated 15 U.S.C. § 1692e(5) of the FDCPA by threatening to take action against Plaintiff even though Defendant did not intend to take such action.

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

28. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty seven (27) as if set forth fully in this cause of action.

29. This cause of action is brought on behalf of Plaintiff and the members of three classes.

30. Class A consists of all persons: (a) whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (b) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (c) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

31. Class B consists of all persons: (a) whom Defendant's records reflect resided in the State of New York and who received a collection letter from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the Complaint;

and (b) that the Defendant made false threats of immediate credit reporting, creating a false sense of urgency in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

32. Class C consists of all persons: (a) whom Defendant's records reflect resided in the State of New York and who received a collection letter from Defendant's representatives within one year prior to the date of the within Complaint up to the date of the filing of the Complaint; (b) the letter was sent seeking payment of an alleged debt and was not returned or undelivered by the post office; and (c) the Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken by Defendant in violation of 15 U.S.C. § 1692e(5).

33. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form telephonic messages and form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such telephonic messages and collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

34. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the best interest(s) of judicial economy.

35. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

36. Collection attempts such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

37. The Defendant's actions as set forth above in the within Complaint violate the Fair Debt Collection Practices Act.

38. Defendant's violation of the Fair Debt Collection Practices Act entitles the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in Plaintiff's favor as against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k); and

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
July 12, 2012

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

Hashim Rahman, Esq.
Principal Trial Counsel
155 Water Street
Brooklyn, New York 11201
Office: (347) 433-6139
Facsimile: (347) 382-9457
Mobile: (914) 584-7183
E-mail: hrahman@rahmanlegal.com

Plaintiff requests trial by jury on all issues so triable.

Maxim Maximov, Esq.
Hashim Rahman, Esq.

# Oxygen Recovery Group

386 ROUTE 59, SUITE 403
AIRMONT NY 10952-3411
Tel: (845) 367-4330 Select Option 2
Fax: (845) 504-3736

April 25, 2012

Dear LEVI MEEISNER,

This matter is long past due and has been duly demanded!
Non-payment of this matter will ensure further collection activity and your name will remain in our file and you may be reported to one or more of the national credit bureaus, which will negatively affect your credit.

It is in your best interest to send payment to this office today. If you have any questions please contact us on Tel: (845) 367-4330 Select Option 2.

Regards,

*Katrina Grigsby*
Account Rep
845-367-4330 Ext. 202

OXYGEN RECOVERY GROUP

### ACCOUNT SUMMARY

| | |
|---|---|
| CREDITOR | Main St Travel |
| CREDITOR FILE NO. | 7186444722 |
| OXYGEN FILE NO. | 24343 |
| PRINCIPAL DUE: | $475.13 |
| PMT TO DATE: | $0.00 |
| OTHER FEES DUE: | |
| INTEREST: | $0.00 |
| TOTAL DUE: | $475.13 |

---

NYC Department of Consumer Affairs License # : 1403486
This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.
Calls may be monitored and or recorded.

*** Detach Lower Portion And Return With Payment ***

386 Route 59, Suite 403
Airmont NY 10952-3411
000024343
*Return Service Requested*

OXY-MST999-000024343 - CR5
LEVI MEEISNER
1345 46TH ST
BROOKLYN, NY 11219-2167

PLEASE COMPLETE THIS SECTION ONLY IF PAYING BY CREDIT CARD.

Card No. _____ CVS: ____
Expiration Date: _____ Amount: _____
Cardholder Name: _____
Signature: _____ Date: _____

OXYGEN RECOVERY GROUP
386 ROUTE 59, SUITE 403
AIRMONT NY 10952-3411

| | |
|---|---|
| OXYGEN FILE NO. | 24343 |
| TOTAL DUE: | $475.13 |
| CREDITOR FILE NO. | 7186444722 |

# Oxygen
Recovery Group

386 ROUTE 59, SUITE 403
AIRMONT NY 10952-3411
Tel: (845) 367-4330 Select Option 2
Fax: (845) 504-3735

May 30, 2012

Dear LEVI MEEISNER,

It is imperative that you establish communications with this office immediately so that we may make arrangements to satisfy your past due obligation.

The creditor has instructed us that unless we hear from you within the next 72 hours, we may proceed with legal action against you to settle this matter. Since time is of the essence, your response is imperative.

Regards,

*Katrina Grigsby*
Account Rep
845-367-4330 Ext. 202

OXYGEN RECOVERY GROUP

## ACCOUNT SUMMARY

| | |
|---|---|
| CREDITOR | Main St Travel |
| CREDITOR FILE NO. | 7186444722 |
| OXYGEN FILE NO. | 24343 |
| PRINCIPAL DUE: | $475.13 |
| PMT TO DATE: | $0.00 |
| OTHER FEES DUE: | |
| INTEREST: | $0.00 |
| TOTAL DUE: | $475.13 |

**As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.**

NYC Department of Consumer Affairs License # : 1403486
This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.
Calls may be monitored and or recorded.

*** Detach Lower Portion And Return With Payment ***

386 Route 59, Suite 403
Airmont NY 10952-3411
000024343
Return Service Requested

OXY-MST999-000024343 - CR6
LEVI MEEISNER
1345 46TH ST
BROOKLYN, NY 11219-2167

PLEASE COMPLETE THIS SECTION ONLY IF PAYING BY CREDIT CARD.

☐ VISA  ☐ MasterCard  ☐ Discover

Card No. _____ CVS: _____
Expiration Date: _____ Amount: _____
Cardholder Name: _____
Signature: _____ Date: _____

OXYGEN RECOVERY GROUP
386 ROUTE 59, SUITE 403
AIRMONT NY 10952-3411

| | |
|---|---|
| OXYGEN FILE NO. | 24343 |
| TOTAL DUE: | $475.13 |
| CREDITOR FILE NO. | 7186444722 |